[L. A. No. 13930. In Bank.—July 1, 1935.]

JOHN R. HAYNES, Appellant, v. ANNANDALE GOLF CLUB (a Corporation), Respondent.

J. Wiseman Macdonald for Appellant.

O'Melveny, Tuller & Myers, Louis W. Myers, Pierce Works and Graham L. Sterling, Jr., for Respondent.

PRESTON, J.—This action is by a golfer against his club for declaratory relief. He wishes to resign as a member of the club and be allowed to go in peace, after paying all obligations levied against him and turning in his certificate of membership properly endorsed. Doubtless this is the only case in history where a golf club has failed to heed the plaintive cry of one of its flock. And the court below endorsed its action by refusing to say that plaintiff was entitled to any balm·at all. The judgment of the court was that he was "stymied" and must so remain forever and aye unless perchance the board of directors might experience ·a change of heart and vote him a furlough. Hence this appeal upon an agreed statements of facts.

We must review the action in a manner becoming the importance of the issue and the prominence of the litigants. Plaintiff fails to appreciate the implied compliment to him in defendant's desire to retain him as a member. But the record pointedly suggests that plaintiff in the "twilight dim" is bridging this chasm "dark and grim" for some "forlorn" or "shipwrecked" brother, who may follow after him. Defendant insists that unless and until it changes its mind and consents to plaintiff's release, and follows it by a suitable entry in its book of life, plaintiff must gracefully submit and continue to "roll in the fiery gulf". However, when we consult the statute under which defendant is organized, we are forced to hold that it requires defendant to provide a way of escape for members, imposing only such restrictions upon the right of resignation as may be just and reasonable.

Defendant was organized in 1916 as a nonprofit corporation under title XXII, part IV, division 1 of the Civil Code (section 653t et seq.). Later in the same year plaintiff became a regular member of defendant corporation and continued as such until September 18, 1931, on which date he paid all dues and assessments against him, endorsed his certificate of membership in blank, and tendered it, along with his written resignation, to the club. Defendant, acting through its board of directors, declined to release him, relying upon a by-law which reads: "The resignation of any member shall be made in writing addressed to the Board of

Directors. No resignation of a member shall be effective until accepted by the Board of Directors, nor shall the same be accepted while such member is in anywise indebted to the Club nor until he has assigned and delivered his certificate of membership. Until the transfer of the certificate of membership on the books of the corporation, or until the date of the expulsion of a member, the record owner of each membership shall be and remain liable for all dues, fees or other charges which have accrued or which may thereafter accrue.''

■ Section 653w of the Civil Code, as it read when defendant was organized, clearly contemplated that any member might resign upon such just terms as the corporation might impose. The language of this section was that the by-laws of such a corporation may provide, among other things, for ''the conditions upon which and the time when membership of any member in the corporation shall cease''. This is confirmed also by the amendment of the statute made in 1931 (Stats. 1931, p. 1850), when said section 653w was replaced by the present sections 598 and 602 of the Civil Code. Paragraphs 4 and 5 of section 598 state that the by-laws of a nonprofit corporation, such as respondent club, may contain provisions for ''the admission, election, appointment, withdrawal, suspension and expulsion of members'' and ''for the transfer, forfeiture and termination of membership . . . '' Section 602 in part provides: ''Memberships may be terminated in the manner provided in the articles or by-laws.''

By paying the dues and turning in his certificate, plaintiff did every substantial thing required by the by-law. For defendant to hold him as a perpetual member on its mere fancy or caprice would be obnoxious to the spirit as well as to the clear meaning of the statute. ■ The contention that an assignment to a new candidate for membership is required by the by-law is clearly untenable. An endorsement of the certificate and delivery thereof to the club satisfies the provision of the by-law on that subject.

So much of said by-law as allows defendant to deny the right of resignation on the ground that it has merely withheld its consent or has declined to make the necessary book entries is invalid because unreasonable and arbitrary.

The judgment is reversed and the cause remanded for proceedings not inconsistent with this holding.

Thompson, J., Seawell, J., Langdon, J., Curtis, J., Shenk, J., and Waste, C. J., concurred.

Rehearing denied.